ORIGINAL

Exhibits
A, B, C

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY,
as Subrogee of Lisa Knighton,

                Plaintiff,

v.

HAMILTON BEACH/PROCTOR-SILEX, INC.
a Delaware Corporation,

                Defendant,

Docket No. 05-CV60052
Hon. Marianne O. Battani

---

GROTEFELD & DENENBERG, L.L.C.
Matthew L. Friedman (P46260)
Alan B. McMaster (P53638)
Attorneys for Plaintiff
30800 Telegraph Road, Ste. 3858
Bingham Farms, MI 48025
(248) 727-7100

THE MAZZARA LAW FIRM, PLLC
Jack J. Mazzara (P29472)
Lanalee C. Farmer (P65758)
Attorneys for Defendant
19257 Mack Avenue
Grosse Pointe Woods, MI 48236
(313) 343-5200

---

## PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

      NOW COMES Plaintiff Allstate Insurance Company ("Allstate"), by and through its

attorneys, Grotefeld & Denenberg, L.L.C., for its Motion for Rule 11(c) Sanctions states:

      1.    Defendant has filed a Motion for Summary Judgment in this matter claiming that

this matter should be dismissed based upon the fact that there was improper service of process

thereby allowing the Statute of Limitations to run.

      2.    This matter has been ongoing since the fire occurred at Plaintiff's insured's home

on March 23, 2002.

      3.    Shortly after the fire, Plaintiff placed Defendant on notice of a potential claim and

invited Defendant to participate in an inspection of the toaster.

4.     Attached as **Exhibit A**, is a copy of correspondence whereby Defendant directed Plaintiff's Attorneys Office to ensure that all legal communications be sent to their law department at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

5.     Plaintiff has complied with Defendant's request and sent all legal communications to the address as specified by the Defendant.

6.     As is more fully described in Plaintiff's Response to Defendant's Motion for Summary Judgment, this matter is in litigation and has been equally litigated by both Plaintiff and Defendant up and until the filing of this frivolous Motion for Summary Judgment by Defendant.

7.     MCR 2.105(J)(3) specifically states "An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service."

8.     In fact, "if a defendant actually receives a copy of the summons and complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules." *Hill v. Frawley*, 155 Mich. App. 611, 613 (1986); *Wright v. Micro Electronics, Inc.*, (unpublished) 2005 WL 1540488 (Mich. App., June 30, 2005) (**See Exhibit B**, Unpublished Case).

9.     It is Plaintiff's position that this Motion is not only frivolous, but not warranted by the existing case law and Court Rules.

10.    Attached as **Exhibit C**, is a copy of the correspondence whereby Plaintiff requested that Defendant voluntarily dismiss their Motion. To date Plaintiff has received no response to this request.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's

Motion for Sanctions and provide costs and attorneys fees pursuant to F.R.C.P. Rule 11.

Respectfully submitted,

**GROTEFELD & DENENBERG, L.L.C.**

MATTHEW L. FRIEDMAN (46260)
ALAN B. MCMASTER (P53638)
Attorneys for Plaintiff
30800 Telegraph Road
Suite 3858
Bingham Farms, Michigan 48025
(248) 727-7100

Dated:  July 21, 2005
111045

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above by mailing the same to them at their respective business addresses as disclosed by the pleadings of record herein, with postage fully prepaid thereon this _____ day of _____ 2005. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.



Shawn R. Urelius • Assistant General Counsel

# HAMILTON BEACH◆PROCTOR-SILEX, INC.

**VIA FACSIMILE (248) 593-5808**

April 25, 2002

**CONFIRMATION COPY**

Alan B. McMaster, Esq.
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025

Dear Mr. McMaster:

Your letter of April 16, 2002, was incorrectly addressed and not received by our office until this morning. Please ensure that all legal communications to Hamilton Beach/Proctor-Silex, Inc. ("HB/PS") be sent to the Law Department at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

As I indicated in my voicemail messages to you and your paralegal, Kelly Marsh, HB/PS does want to examine the fire scene. Your letter indicated that the fire scene would be destroyed on April 22, 2002. I assume that this is a typographical error since this date is prior to the date we received your letter. **Please return my calls as soon as possible so that we can make arrangements to send someone to examine the fire scene before it is destroyed.**

Please also provide us with any information you have regarding the model number, age, series code, etc. of the HB/PS toaster you believe may have been in the area of origin of the fire.

Please note that HB/PS, and all other potential parties, will need to examine the fire scene and all potential fire sources located within the area of origin, including those potential sources that you or your expert eliminate as causes of the fire. Please ensure that all potential evidence is maintained in its original post-fire condition pursuant to NFPA 921.

Again, it is critical that HB/PS, and all other potential parties, be given an opportunity to examine the fire scene and all other potential evidence. Please call me as soon as possible to discuss this matter.

I look forward to hearing from you.

Sincerely yours,

Shawn R. Urelius

SRU/ajn

Corporate Headquarters • 4421 Waterfront Drive • Glen Allen, Virginia 23060 • (804) 273-9777 • Direct Dial (804) 527-7180 • Fax (804) 527-7218



Westlaw.

Not Reported in N.W.2d

2005 WL 1540488 (Mich.App.)

(Cite as: 2005 WL 1540488 (Mich.App.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Court of Appeals of Michigan.
Willie WRIGHT, Plaintiff-Appellant,
v.
MICRO ELECTRONICS, INC.,
Defendant-Appellee,
and
Tony NUNEZ and Frank Angelucci, Defendants.
No. 252790.

June 30, 2005.

Before: O'CONNELL, P.J., and SCHUETTE and
BORRELLO, JJ.

[UNPUBLISHED]

PER CURIAM.

*1 Plaintiff failed to serve defendant, Micro
Electronics, Inc., in accordance with the court rules,
but sent a copy of the summons and complaint to
the attorney representing defendant in a related
federal action brought by plaintiff. The trial court
granted defendant's motion for summary disposition
under MCR 2.116(C)(3) (service of process was
insufficient). Plaintiff appeals as of right, asserting
that dismissal was improper pursuant to MCR
2.105(J)(3). Defendant contends that this case
involved a complete failure of service and,
therefore, MCR 2.105(J)(3) is inapplicable. We
disagree and reverse. This case is being decided
without oral argument pursuant to MCR 7.214(E).

We review the grant or denial of summary
disposition de novo to determine if the moving
party is entitled to judgment as a matter of law.
*Maiden v. Rozwood,* 461 Mich. 109, 118; 597

NW2d 817 (1999).

MCR 2.105(J)(3) provides that "[a]n action shall
not be dismissed for improper service of process
unless the service failed to inform the defendant of
the action within the time provided in these rules for
service." The principal dispute between the parties
is whether this case involved "improper service of
process" or a complete failure of service of process.
The importance of the distinction is discussed in
*Holliday v. Townley,* 189 Mich.App 424; 473
NW2d 733 (1991).

In *Holliday,* the plaintiff filed a complaint and sent
a copy to the defendant with a cover letter
threatening to "formally serve the papers" if the
defendant did not provide the plaintiff with dental
records that she requested. The defendant was never
served with or received a summons. The summons
expired, and the limitation period expired. The trial
court dismissed the action for failure to serve the
defendant. On appeal, the plaintiff relied on MCR
2.105(J)(3) and argued that the defendant had actual
notice of the lawsuit. This Court concluded that
MCR 2.105(J)(3) was inapplicable "where the
question is not one of defects in the manner of
service, but rather a complete failure of service of
process." *Id.* at 425. The Court stated that the rule
"forgives errors in the manner or content of service
of process. It does not forgive a failure to serve
process." *Id.* at 426. The summons is a necessary
part of service of process. "MCR 2.105(J)(3), as
well as every other court rule governing service of
process, assumes that the summons will be served
with the complaint, even if in a technically defective
fashion." *Id.* The Court in *Holliday* concluded that
there was a complete failure of service of process
and, therefore, affirmed the dismissal of the action.

In contrast to *Holliday,* both *Hill v. Frawley,* 155
Mich.App 611; 400 NW2d 328 (1986), and *Bunner
v. Blow-Rite Insulation Co,* 162 Mich.App 669, 674;
413 NW2d 474 (1987), are examples of errors in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.W.2d

2005 WL 1540488 (Mich.App.)

**(Cite as: 2005 WL 1540488 (Mich.App.))**

the manner of service to which MCR 2.105(J)(3) applies.

In *Hill*, the plaintiff filed a complaint and attempted to serve it by certified mail, but did not enclose a copy of the complaint. He made a second attempt to serve the defendant, but someone other than the defendant signed the return receipt. The defendant filed a motion for summary disposition on the basis that process and service were insufficient. The motion was filed before the summons expired. Although the service did not comply with MCR 2.105(A)(2), this Court relied on MCR 2.105(J)(3) to conclude that the defendant was not entitled to summary disposition. "[I]f a defendant actually receives a copy of the summons and complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules." *Id.* at 613. In *Hill*, the defendant acknowledged receiving the summons and complaint within the pertinent time period by retaining counsel and filing a motion for summary disposition. *Id.* at 613- 614.

\*2 In *Bunner*, the plaintiffs filed an action against a defendant ("Rapco") that was involved in bankruptcy proceedings and had ceased to do business. The plaintiffs served Rapco's bankruptcy trustee, who forwarded the summons and complaint to an insurance company, and counsel was hired to represent Rapco. The trial court granted Rapco's motion to quash and dismissed the case. This Court explained that it was not clear whether the plaintiffs had complied with all requirements for proper service on Rapco. However, dismissal was improper pursuant to MCR 2.105(J)(3). The Court stated:

While the exact nature of Rapco's current existence is somewhat unclear, it is clear in this case that Rapco is aware of the pending action. Service on the trustee is undisputed. At the hearing on the motion to quash, Robert Roth stated that he was appearing on behalf of Rapco, not an insurance company. Accordingly, the trial court erred in quashing service and dismissing Rapco when Rapco was fully aware of the pending action despite any errors in the manner of service. [*Id.* at 674.]

We conclude that the present case involves an error in the manner of service rather than a complete failure of service, as in *Holliday*. The summons and complaint were sent to defendant's attorney rather than served on defendant as specified in the court rule. We disagree with defendant's position that failure to serve an entity in compliance with MCR 2.105 means that there is a "complete failure of service" to which MCR 2.105(J)(3) does not apply. This interpretation is not suggested by the holding in *Holliday*, where the crucial defect was the failure to send a summons in the first instance. Nor is it consistent with the holdings in *Hill* and *Bunner*, *supra.*

The evidence submitted to the trial court indicates that counsel for plaintiff and defendant discussed the state court action and defense counsel received a copy of the summons and complaint before the summons expired. This is adequate to show that the service informed defendant of the action. Indeed, defendant does not argue to the contrary. Accordingly, dismissal of plaintiff's action was improper pursuant to MCR 2.105(J)(3).

Reversed.

2005 WL 1540488 (Mich.App.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**ROTEFELD**
**&DENENBERG, LLC**

Bingham Farms, MI
Chicago, IL
Los Angeles, CA
Plantation, FL
San Francisco, CA

30800 Telegraph Road
Suite 3858
Bingham Farms, Michigan 48025

———

Telephone: (248) 727-7100
Facsimile: (248) 593-5808

**Matthew L. Friedman**
Direct Dial: (248) 727-7125
Email mlf@gd-llc.com

July 19, 2005

**Via Facsimile and Regular Mail**
Mr. Jack J. Mazzara, Esq.
The Mazzara Law Firm
2301 W Big Beaver Ste 621
Troy, MI 48084-3329

   Re: **Allstate/Knighton vs. Hamilton Beach/Proctor-Silex**
     **Our file no:  9.5410**

Dear Mr. Mazzara:

  We are in receipt of and have recently prepared a Response to your Motion for Summary Judgment. The basis for your Motion is lack of proper service. When we first received this Motion we were in fact dumbfounded as to how and why you would be bringing such a Motion based on improper service.

  As you know, after the fire occurred, Allstate placed our client on notice of a potential claim and invited you to participate in an inspection. On April 25, 2002, in response to our notice letter, your client directed us to send "all legal communications" to 4421 Waterfront Drive, Glen Allen, Virginia 23060. After that date, due to the parties being unable to agree on an inspection site, Allstate served a Complaint for Declaratory Relief on Defendant at the address listed above, and after participating in the Declaratory Action, Allstate voluntarily dismissed the Complaint once the issue was resolved. After failing to agree as to the cause of the fire, Allstate filed and served the Complaint in State in Wayne County Circuit Court. Once again, Allstate served the Summons and Complaint where your client directed all legal communication to be sent, specifically at 4421 Waterfront Drive, Glen Allen, Virginia 23060. Defendant not only received the Complaint, but filed an Answer and then filed a removal to Federal Court. Since the removal to Federal Court, the Complaint was answered and discovery has been initiated.

  MCR 2.105(J)(3) specifically states, "An action shall not be dismissed for improper service of process unless the service failed to inform the Defendant of the action within the time frame provided in these rules for service." In fact, "if the Defendant actually receives a copy of the Summons and Complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rule." *Hill v Frawley*, 155 Mich. App. 611, 613 (1986). Also F.R.C.P. Rule 11(b)(2) states that by filing a pleading with the Court, a party confirms the pleading is warranted by existing laws.

**Grotefeld & Denenberg, LLC**
July 19, 2005
Page 2


        Based on all of the above, we respectfully request that you withdraw what we determine to be
your frivolous Motion for Summary Judgment. Your failure to voluntarily withdraw this motion will
result in our filing a Motion for Sanctions pursuant to the Federal Rules of Civil Procedure, Rule 11.
Please contact us by Thursday, July 21, or we will proceed accordingly.

                              Very truly yours,

                   **GROTEFELD & DENENBERG, L.L.C.**


                          Matthew L. Friedman

MLF/lav
110927



ORIGINAL

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY,
as Subrogee of Lisa Knighton,

        Plaintiff,

v.

HAMILTON BEACH/PROCTOR-SILEX, INC.
a Delaware Corporation,

        Defendant,

Docket No. 05-CV60052
Hon. Marianne O. Battani

---

GROTEFELD & DENENBERG, L.L.C.
Matthew L. Friedman (P46260)
Alan B. McMaster (P53638)
Attorneys for Plaintiff
30800 Telegraph Road, Ste. 3858
Bingham Farms, MI 48025
(248) 727-7100

THE MAZZARA LAW FIRM, PLLC
Jack J. Mazzara (P29472)
Lanalee C. Farmer (P65758)
Attorneys for Defendant
19257 Mack Avenue
Grosse Pointe Woods, MI 48236
(313) 343-5200

---

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR RULE 11(c) SANCTIONS

Plaintiff relies on F.R.C.P. Rule 11 and the facts as set forth in their Motion in Response

to Defendant's Motion for Summary Judgment and supporting Brief.

        Respectfully submitted,

        **GROTEFELD & DENENBERG, L.L.C.**

        MATTHEW L. FRIEDMAN (46260)
        ALAN B. MCMASTER (P53638)
        Attorneys for Plaintiff

Dated: July 21, 2005

111045

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above by mailing the same to their respective business addresses as disclosed by the pleadings of record herein, with postage fully prepaid thereon on _____ day _____ 20___. I declare under the penalty of perjury that the statement above is true to the best of my information and knowledge and belief.



# UNITED STATES DISTRICT COURT

ORIGINAL

## FOR THE EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY,
as Subrogee of Lisa Knighton,

                Plaintiff,

v.

HAMILTON BEACH/PROCTOR-SILEX, INC.
a Delaware Corporation,

                Defendant,

Docket No. 05-CV60052
Hon. Marianne O. Battani

U.S. DIST. COURT
EAST DIST. MI
DETROIT
'05 JUL 22

---

| GROTEFELD & DENENBERG, L.L.C. | THE MAZZARA LAW FIRM, PLLC |
|---|---|
| Matthew L. Friedman (P46260) | Jack J. Mazzara (P29472) |
| Alan B. McMaster (P53638) | Lanalee C. Farmer (P65758) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 30800 Telegraph Road, Ste. 3858 | 19257 Mack Avenue |
| Bingham Farms, MI 48025 | Grosse Pointe Woods, MI 48236 |
| (248) 727-7100 | (313) 343-5200 |

---

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Plaintiff's Motion for Rule 11 Sanctions will be brought

on for hearing in the U.S. District Court, in front of The Honorable Marianne O. Battani, on

September 7, 2005 at 2:00 p.m.

                Respectfully submitted,

                **GROTEFELD & DENENBERG, L.L.C.**

By: _____
                MATTHEW L. FRIEDMAN (P46260)
                Attorneys for Plaintiff

Dated: July 22, 2005
111064