UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

                Plaintiff,

v.

HAMILTON BEACH/PROCTOR-SILEX, INC.,
                Defendant.
_____/

CASE NO. 05-60052

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court are Defendant's Motion for Summary Judgment (Doc. # 12) and Plaintiff's Motion for Rule 11 Sanctions (Doc. # 14). The Court heard oral argument on the motions on September 7, 2005. At the conclusion of the hearing, the Court took these matters under advisement. For the reasons that follow, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Rule 11 Sanctions.

**I. STATEMENT OF FACTS**

This case arises out of a fire that occurred on March 23, 2002, at the home of Lisa Knighton, who was insured by Plaintiff, Allstate Insurance Company ("Allstate"). According to Plaintiff, the fire started in a toaster manufactured by Defendant, Hamilton Beach/Proctor-Silex, Inc. ("HB/PS").

Plaintiff filed suit on January 31, 2005, in Wayne County Circuit Court, alleging claims of negligence, breach of implied warranty in tort, breach of express or implied warranties, and a violation of the Michigan Consumer Protection Act. The state court

1

issued a summons, which expired May 2, 2005.

Defendant removed on March 3, 2005, and filed an answer on March 9, 2005.[1] In its answer HB/PS asserted several defense, including that the "service of the summons and complaint was deficient and improper, as they were not served upon HB/PS in the manner required or authorized by MCR 2.105." Def.'s Ex. D, Affirmative and Other Defenses at ¶ 3. Defendant also asserts in its answer that "[t]he Complaint is barred by the applicable statute of limitations." Id. at ¶ 4.

Defendant subsequently filed the instant motion based upon these two assertions. In addition to its response to the motion, Plaintiff sent a letter to Defendant's attorney, dated July 19, 2005, noting that Rule 2.105(J)(3) forbids dismissal of an action for improper service if the defendant knew of the complaint. See Pl.'s Ex. C. Motion for Sanctions. Allstate asked Defendant to withdraw the motion, and added that the "failure to withdraw this motion will result in [Plaintiff's] filing a Motion for Sanctions pursuant to the Federal Rules of Civil Procedure, Rule 11." Id. Finally, Plaintiff indicated that if Defendant had not responded by Thursday, July 21," Plaintiff would "proceed accordingly." Defendant nevertheless refused to withdraw its motion, and Plaintiff filed its Rule 11 motion.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. Proc. 56(c), a motion for summary judgment is to be granted only if the evidence indicates that no genuine issue of material fact exists. To

---

[1] A Notice of Removal affects only the forum in which the action is heard. Hence, filing a notice of removal does not affect personal jurisdiction and does not waive the right to service. See Morris & Co. V. Skandenavia Ins. Co., 279 U.S. 405, 409 (1929); Silva v. City of Madison, 69 F.3d 1368 (7th Cir. 1995).

avoid summary judgment, the opposing party must have set out sufficient evidence in the record to allow a reasonable jury to find for him at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

The sufficiency of the evidence is to be tested against the substantive standard of proof that would control at trial. Anderson, 477 U.S. 242. The moving party has the burden of showing that there is an absence of evidence to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. In disposing of a motion for summary judgment, this Court must consider the evidence in the light most favorable to the nonmoving party, but may weigh competing inferences for their persuasiveness. Matsushita, 475 U.S. at 574.

## III. ANALYSIS

In its summary judgment motion, Defendant asserts that Allstate's claims are time-barred, a position which prompted Plaintiff to file its Motion for Rule 11 Sanctions. Because this matter is here on diversity of citizenship, Michigan law applies to the statute of limitations issue. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938), Micro-Electronic Corp. v. Bamberger's, 434 F.Supp. 168, 169 (1977). Federal law, however, governs the request for sanctions. Id. The merits of each party's positions are discussed below.

3

**A. Are Plaintiff's claims time-barred?**

The parties dispute whether the statute of limitations bars Plaintiff's claim. Product liability actions in Michigan are subject to a three-year statue of limitations. Mich.Comp.Laws § 600.5805(13).  There is no dispute that Plaintiff filed its Complaint within the three-year period.  Under recent case law; however, filing a complaint, in and of itself, does not toll the statute.

In <u>Gladych v. New Family Homes, Inc.</u>, 468 Mich. 594, 605,664 N.W. 2d 705 (2003), the Michigan Supreme Court overruled prior precedent and found that the filing of a complaint does not necessarily toll the statute of limitations.[2]  It held that § 600.5856 "provides the specific requirements for tolling the statute of limitations.  If those requirements are not met, the period of limitations continues to run."  Accordingly, the language of § 600.5856 governs.  It reads in relevant part:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> > (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

Mich.Comp Laws § 600.5856(a).  The statutory language is unambiguous.  It requires service of process on a defendant prior to the expiration of the period of limitation.  <u>Collins v. Comerica Bank</u>, 469 Mic. 1223, 668 M.W.2d 357 (2003).

Here, the fire occurred on March 23, 2002.  Plaintiff filed this products liability cause of action on January 31, 2005, within the limitations period.  On February 9, 2005,

---

[2] The language of § 600.5856 was altered after <u>Gladych</u> was decided, but there is no contention before this Court that the holding that a plaintiff must comply with the statute to toll the limitation period is not good law.

4

Plaintiff sent the Complaint and Summons by certified mail, to Defendant's counsel.  On March 3, 2005, Defendant filed a Notice of Removal.  On March 9, 2005, Defendant filed its Answer and Affirmative and Other Defenses, which raises the issue of improper service as well as the statute of limitations.  See Affirmative and Other Defenses at ¶¶ 3, 4.   Consequently, the resolution of this matter turns on whether Plaintiff properly served Defendant.

Defendant's position is that Plaintiff failed to serve it prior to the expiration of the period of limitations.  In response, Plaintiff claims that it put Defendant on notice of the claim, and under state law, an action cannot be dismissed because of improper service if the defendant knew about the complaint.  In the alternative, Plaintiff maintains that Defendant waived the issue of improper service.  The merits of Plaintiff's arguments are discussed below.

### 1. Was service proper?

Service of process over a corporation is governed by MCR 2.105(D).  It  offers several means by which to serve a defendant corporation, including several applicable to the circumstances before this Court.  A plaintiff may serve "a summons and a copy of the complaint on an officer or the resident agent" or serve "a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation."  Id.

There is no dispute that Allstate did not comply with the procedures articulated in the rule when it served Defendant.  Plaintiff nevertheless asserts that the court rules forbid dismissal of this action.  Specifically, Rule 2.105(J)(3) states that an action shall

not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." Here, Defendant acknowledged actual receipt of the summons and complaint. It had actual notice prior to the expiration of either the summons or the statute of limitation. Defendant removed the case, filed an appearance, an answer and engaged in discovery. Therefore, Plaintiff concludes, the Court should deny the motion.

Plaintiff's position, that the Court cannot dismiss this action for improper service because Defendant knew of the law suit, would be persuasive if the Court were resolving a motion to dismiss for improper service. It is not. The motion for dismissal, although dependent, in part, upon the fact that service was improper, is based upon Defendant's position that the action is barred by the statute of limitations. This distinction is dispositive; and Plaintiff's position, which ignores the governing statute and case law interpreting that statute, fails to advance any basis for denying this motion. For example, Plaintiff relies on Wright v. Micro Elec., 2005 WL 1540488 (Mich.App. June 30, 2005), see Pl.'s Ex. H, a case in which the court addressed a request for dismissal based upon failure to serve prior to the expiration of the summons. The facts are not analogous, and the holding simply is not persuasive as to the issue of whether the instant action is time-barred. Accordingly, the Court directs its attention to Plaintiff's alternative argument, that Defendant waived proper service.

**2. Did Defendant waive proper service?**

Plaintiff advances two bases for its contention that Defendant waived proper service. First, Defendant participated in a prior, declaratory judgment action arising out of the fire, and in that action, Defendant never raised the issue of improper service, despite a similar

method of service.  Pl.'s Ex. A.  Second, during the course of those proceedings, Defendant sent a letter to Plaintiff advising Allstate that prior correspondence was "incorrectly addressed and not received" for almost ten days.  Id.  HB/PS then directs Plaintiff to send all legal communications to a specific address.   Neither basis satisfies Plaintiff's burden to show a genuine issue of material fact as to whether Defendant waived proper service.

First, the Court rejects Plaintiff's contention that the previous suit tolled the limitations period and/or that Defendant's failure to object to service in that suit somehow operates as a waiver in this suit.  The prior action was one for declaratory judgment; it did not raise a product liability claim.  See Pl.'s Ex. B (seeking an evidence inspection and destructive testing at Plaintiff's expert's place of business).  See also Yeo v. State Farm Fire & Cas. Ins. Co., 242 MIch.App. 483, 618 N.W.2d 916 (2000) (addressing the impact on tolling relative to the scope of issue raised and appealed in prior litigation).  Moreover, Defendant's decision not to raise the issue of improper service does not affects its rights in subsequent litigation, even with the same period.

The second argument likewise fails to raise any question as to whether HB/PS waived the defense.  Plaintiff attempts to fit the facts of this case into the holding in Dogan v. Michigan Basic Property Ins. Ass'n, 130 Mich.App. 313, 318, 343 N.W.2d 532, 535 (1983).  In Dogan, the process server was told that the clerk at the corporation could accept service.  The defendant subsequently argued that service was ineffective. The court held that the defendant was estopped from raising the defense of improper service due to its representation that valid service had been accomplished.

In contrast to those facts, here Defendant directed Plaintiff to send all legal communication to a particular address two years before the suit was filed; Defendant never represented to Plaintiff that service had been accomplished.  Further, the Court declines to

equate a request regarding legal correspondence with a waiver of service of a summons and complaint.  As defined by the state supreme court, "waiver" connotes an intentional abandonment of a known right.  People v. Carines, 460 Mich. 750, 762, n. 7, 597 N.W.2d 130 (1999).   These facts do not begin to suggest that HB/PS intentionally abandoned its right to proper service.  See also, Roberts v. Mecosta Co. General Hosp., 466 Mich. 57, 642 N.W.2d 663 (2000) (holding that absent an express waiver of its right to assert a statute of limitations defense, the defendant cannot waive those rights until tolling becomes an issue).  This is not a situation wherein HB/PS sat quietly and waited for the summons to expire.  It raised the defense of improper service as well as statute of limitations in its answer, which was filed March 9, 2005.  Allstate made no attempt to correct the improper service.

In sum, Allstate did not effectuate service of process as required by MCR 2.105(D) before the statute of limitations expired.  Consequently, it is barred by the statute of limitations, and the Court GRANTS Defendant's motion.

**B.  Rule 11 Sanctions**

Rule 11 affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support. See Fed.R.Civ.P. 11(b)(1) through (3).   In its request for sanctions, Plaintiff argues that Defendant's motion for dismissal is frivolous and not warranted by the existing case law and court rules.  Given the Court's holding, the Court is hard pressed to find the motion is either frivolous or unwarranted by the existing case law and court rules.

Even if Plaintiff were to make a case on the merits, it failed to serve a copy of the

motion with its July 19, 2005 letter and did not wait the required safe harbor period. A moving party must serve a timely "safe harbor" letter. Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir.1997) (holding that "sanctions under Rule 11 are unavailable, unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court"). Specifically, Plaintiff filed its motion on July 22, 2005, a mere three days after sending the letter. If the moving party fails to comply with Rule 11' s safe harbor filing requirements, Rule 11 is unavailable. Accordingly, Plaintiff is not entitled to relief under Rule 11.

I**V. CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion for sanctions.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED in its entirety.

          s/Marianne O. Battani
          MARIANNE O. BATTANI
          UNITED STATES DISTRICT JUDGE

Dated: October 18, 2005

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Matthew Friedman and Jack Mazzara on this date by ordinary mail and/or electronic filing.

          s/Bernadette M. Thebolt
          Deputy Clerk